UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTURY 21 REAL ESTATE, LLC,

                               Plaintiff,                     **REPORT AND**
                                                                      **RECOMMENDATION**
          - against -

                                                                      08-CV-3175 (JG) (JO)

BERCOSA CORP., et al.,

                               Defendants.
------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

        On November 10, 2010, plaintiff Century 21 Real Estate, LLC ("Century 21") filed a motion to hold defendants Bercosa Corp. ("Bercosa") and Pedro Bernard ("Bernard) (collectively, the "defendants") in contempt for failing to appear for a deposition or respond to an information subpoena and accompanying questionnaires.  Docket Entry ("DE") 16.  Century 21 seeks an order "directing the Sheriff to produce Pedro Bernard in Court for his debtor's examination" as well as any other relief the court finds to be appropriate.  Docket Entry ("DE") 16-1 (Supporting Affirmation of Joseph Salvo) ("Salvo Aff.") at 8.  The Honorable John Gleeson, United States District Judge referred this motion to me for a report and recommendation in an order dated November 15, 2010.  I now make my report and, for the reasons set forth below, respectfully recommend that the court deny the motion for contempt sanctions without prejudice to renewal upon a showing that the motion has properly been served on the defendants.  Upon such renewal, I respectfully recommend that the court adjudge defendants in contempt and order the Marshal to produce Bernard for his deposition.  In the absence of any other specific request, or any argument or evidence supporting additional relief, I respectfully recommend against granting any other remedy.

I.   Background

On August 5, 2008, Century 21 filed a Complaint accusing the defendants of breach of contract and trademark infringement. DE 1. On September 25, 2009, the court entered a default judgment in Century 21's favor jointly and severally against both defendants in the amount of $319,832.32; the court further order the defendants to cooperate in an audit of Bercosa's books and records. DE 10. On March 5, 2010, Century 21 served a demand for information on both defendants and also served Bernard with a notice requiring him to appear for an oral debtor's examination on March 25, 2010. Salvo Aff. Ex. C. Bernard failed to appear as required. *Id*. Ex. D. The parties conferred and Bernard confirmed his availability for a deposition on June 4, 2010, and Century 21 therefore served a second iteration of each of its discovery demands on the defendants on May 27, 2010. *Id*. Ex. E. Bernard again failed to appear as required, and the defendants have never responded to the information subpoenas. *Id*. ¶ 12 & Ex. F. Century 21 then filed a motion to compel on August 18, 2010. DE 14. I granted the motion, ordering the defendants to respond to the information subpoena and Bernard to appear for his deposition on September 20, 2010. Order dated August 27, 2010. Once again, the defendants failed to comply.

II.   Discussion

A judgment creditor may obtain discovery from any person including the judgment debtor in connection with the enforcement of the judgment, and in doing so may take advantage of discovery mechanisms available under both state and federal law. Fed. R. Civ. P. 69(a). The court may adjudge in contempt any person who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(vii); *see also* N.Y. C.P.L.R. § 5251; *id*. § 2308(a). Both defendants have

2

plainly, and repeatedly, failed to respond as required to properly issued information subpoenas, and Bernard has repeatedly failed to appear for his properly noticed deposition. Most recently, both defendants have ignored an order of this court requiring them to cooperate in the discovery process. Under such circumstances, it appears that both defendants are in contempt of a lawful court order.

I nevertheless recommend against granting Century 21 the relief it requests at this stage. The rules of this court expressly require that in a case such as this, where the alleged contemnor has not appeared in the action through counsel, service of the notice of motion must "be made personally" on the alleged contemnor "in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." Loc. Civ. R. 83.9(a). The docket does not reflect any manner of service of the instant motion on the defendants, much less personal service that satisfies the requirements of Rule 4 of the Federal Rules of Civil Procedure. As a result, Century 21's request at this point is premature. I therefore respectfully recommend that the court deny the motion without prejudice to renewal after Century 21 has properly effected service.

In the interest of judicial economy, I proceed to the issue of an appropriate remedy in the event the court disagrees with the preceding analysis. If the court adjudges the defendants in contempt, it must next "determine what sanctions are necessary to secure future compliance with its order[.]" *Musalli Factory for Gold & Jewelry Co. v. New York Financial LLC*, 2010 WL 2382415, at *3 (S.D.N.Y. June 14, 2010) (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004)). In doing so, the court has "broad discretion to design a remedy that will bring about compliance" with its orders. *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982). The only specific relief Century 21

requests aside from the finding of contempt is an order "directing the Sherriff to produce Pedro Bernard in Court for his debtor's examination."  Salvo Aff. at 8.

To the extent Century 21 asks the court to direct the requested order to a state official, I recommend against doing so, as I am aware of no source of authority for a federal court to so enlist the aid of a state or municipal official in the execution of its orders.  However, once Century 21 has properly served its motion on the defendants, the court can and should direct the United States Marshal for this district to arrest Bernard and to detain him "unless bail is posted in an amount fixed by the order, conditioned on [his] appearance … in all further proceedings on the motion, and further conditioned that [he] will hold himself … amenable to all orders of the court for surrender."  Loc Civ. R. 83.9(a).

III.  Recommendation

For the reasons set forth above, I respectfully recommend that the court deny the motion for contempt sanctions without prejudice to renewal upon a showing that the motion has properly been served on the defendants.  Upon such renewal, I respectfully recommend that the court adjudge defendants in contempt and order the Marshal to produce Bernard for his deposition.  In the absence of any other specific request, or any argument or evidence supporting additional relief, I respectfully recommend against granting any other remedy.

IV.  Objections

Any objections to this Report and Recommendation must be filed no later than December 27, 2010.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

    **SO ORDERED.**

Dated:  Brooklyn, New York
       December 9, 2010

                                            /s/ James Orenstein
                                            JAMES ORENSTEIN
                                            U.S. Magistrate Judge